# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD G. MCGRIFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-09-157-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Ronald G. McGriff requests judicial review of the Commissioner of the Social Security Administration's denial of benefits pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. As set forth below, the Commissioner's decision is hereby REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born October 3, 1958 and was forty-nine years old at the time of the administrative hearing. He has a high school education has worked as a general construction laborer (Tr. 30). The claimant alleges that he has been unable to work since October 1, 2005 because of heat exhaustion, asthma, hypertension, muscle cramps in his right leg, and mental health issues (Tr. 93).

## Procedural History

The claimant applied on March 8, 2006 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Lantz McClain held an administrative hearing and determined the claimant was not disabled in a written opinion dated June 24, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c), but should avoid

concentrated exposure to dust or fumes (Tr. 14). The ALJ concluded that although the claimant could not return to his past work, he was nevertheless not disabled because there was work he could perform in the regional and national economies, *e. g.*, hand packager, warehouse laborer, and marker (Tr. 17).

**Review**

The claimant contends that the ALJ erred: (i) by failing to find his schizoaffective disorder, depressive type to be a severe mental impairment at step two; and, (ii) by failing to account for this mental impairment in formulating his RFC. The Court finds merit in these contentions.

The claimant's mental health treatment records begin on March 16, 2007 with the CREOKS Mental Health Services (Tr. 175). In claimant's "Request for Services" questionnaire, he stated that he had been depressed for at least ten years and that he occasionally heard voices or saw "ill defined things" at least once or twice per week (Tr. 176). Dr. Vanesaa Werlla, M.D. noted that the claimant seemed confused, unable to adjust to community and family situations (Tr. 182), assigned a Global Assessment of Functioning ("GAF") score of 40 (Tr. 183), and diagnosed claimant with schizoaffective disorder (Tr. 185). During visits to CREOKS, Dr. Werlla frequently noted claimant's disheveled appearance, flat facial expressions, and flat emotions (Tr. 169-74). On November 21, 2007, Lana Rogers, another examiner at CREOKS, assessed claimant's GAF, this time finding that claimant had a GAF of 43 (Tr. 205).

The ALJ relied primarily on the claimant's lack of treatment prior to 2007 and information provided on his disability application forms in concluding that the claimant's schizoaffective disorder, depressive type was not a severe mental impairment (Tr. 13). The only mention of the claimant's mental health treatment at CREOKS was a statement that he "sought treatment beginning in April 2007" and was "poorly compliant with his medication and office visits" (Tr. 13). This analysis of the claimant's mental impairment was deficient for two reasons. First, a lack of mental health treatment is not dispositive of a severe mental impairment. *See, e. g., Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 739 (10th Cir. 2007) ("[W]e have found no case authority requiring [a claimant] to obtain medical treatment from [a specialist in the mental health profession] before an ALJ can find that she has a severe mental impairment."). In any event, the ALJ failed to discuss evidence in the record suggesting reasons for a lack of treatment, *e. g.*, no transportation (Tr. 191), and inability to pay (Tr. 28). *See Lee v. Barnhart*, 117 Fed. Appx. 674, 681 (10th Cir. 2004) ("[T]he ALJ put the shoe on the wrong foot; it was *his* duty to inquire, as part of development of the record, whether [the claimant] could in fact afford treatment and whether any alternative forms of payment were available to [her].").

Second, the ALJ ignored objective medical evidence regarding the severity of claimant's schizoaffective disorder, *i. e.*, assignment of global assessment of functioning ("GAF") scores of 40 and 43. The Commissioner argues that GAF scores do not necessarily have an impact on claimant's ability to keep a job, *see Oslin v. Barnhart*, 69 Fed. Appx. 942, 947 (10th Cir. 2003) ("[T]he GAF rating may indicate problems that do

not necessarily relate to the ability to hold a job[.]"), but "[a] GAF score of fifty or less . . . *does* suggest an inability to keep a job." *Lee v. Barnhart*, 117 Fed. Appx. 674, 678 (10th Cir. 2004) [emphasis added], *citing Oslin*, 69 Fed. Appx. at 947. In any event, the ALJ clearly did not find that the claimant's low GAF scores were due to non-occupational factors. *See Givens v. Astrue*, 251 Fed. Appx. 561, 567 n. 4 (10th Cir. 2007) ("[T]he Commissioner argues that a low GAF score may indicate problems that do not necessarily relate to the ability to hold a job. Even assuming this is true, the ALJ's decision does not indicate he reached the conclusion that Ms. Givens' low GAF score was due to non-occupationally-related factors.") [quotation omitted]. *See generally Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Because the ALJ failed to properly evaluate claimant's mental health impairments, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should properly evaluate all the medical evidence as to the claimant's mental impairment. If such analysis results in any modifications to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

**Conclusion**

In summary, the Court finds that correct legal standards were not applied, and the decision of the Commissioner is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 30th day of September, 2010.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**